
FILED
SUPERIOR COURT
GUAM

2014 SEP 30 PM 3: 41

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MATAO YOKENO, a.k.a. EDDIE M. YOKENO,<br><br>               Plaintiff,<br><br>v.<br><br>SAWAKO SEKIGUCHI; EMIL LAI; and JOHN DOES 1-10<br><br>               Defendant. | CIVIL CASE NO. CV 0446-09<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 5th day of September, 2014, for hearing on the Defendants' Amended Motion for Summary Judgment. Plaintiff Eddie Yokeno is *pro se* and was not present at the hearing. Attorney Carlos L. Taitano represented the Defendants. For the reasons set forth below, the Defendant's Amended Motion for Summary Judgment is GRANTED.

## FACTUAL AND PROCEDURAL HISTORY

This lawsuit is one of several cases arising out of the business disputes of Eddie Yokeno ("the Plaintiff") with Emil Lai and Sawako Sekiguchi ("the Defendants"). Civil Action No. CV 0709-06 was initially filed by the Power Sand, Inc., a corporation controlled by Mr. Lai, against the Plaintiff on May 26, 2006. The Plaintiff answered the complaint and asserted four

5

counterclaims on July 14, 2006. On July 28, 2006, the Plaintiff filed Civil Action No. CV 0935-06, which asserted additional claims against the Defendants and several of their associates, who are not party to the case at bar.

In 2009, the Plaintiff Yokeno brought two more civil actions against the Defendants in the Superior Court of Guam, filing Civil Action No. CV 0236-09 on February 9, 2009, and Civil Action No. CV 0446-09 on March 11, 2009. All of the claims in CV 0236-09 were dismissed by the Court orally on March 8, 2010. The Court later elaborated the reasons for the dismissal of CV 0236-09 in two written decisions issued March 22, 2010 and April 27, 2011.

The Defendants removed CV 0446-09 to the District Court of Guam on the basis of diversity of citizenship. There, the case was docketed as Civil Action No 09-00020. On April 18, 2009, the Defendants filed a motion for summary judgment. On August 19, 2011, the District Court granted the motion, and subsequently entered an Amended Judgment on October 21, 2011, granting judgment against the Plaintiff on all claims presented in the case. The Plaintiff appealed to the Ninth Circuit.

On March 30, 2012, after the District Court granted summary judgment but prior to the Ninth Circuit's disposition of the appeal, the Defendants, before this Court, filed an Amended Motion for Summary Judgment in CV 0709-06 and CV 0935-06. This amended motion argued that summary judgment should be granted based on the preclusive effect of the District Court's ruling in Civil Action No. 09-00020. The Court issued a Decision and Order on August 14, 2012, granting summary judgment to the Defendants on the Plaintiff's claims in CV 0709-06 and CV 0935-06. Certain claims were disposed on the basis of claim preclusion, and others on the basis of issue preclusion, based on the District Court's decision. The Court ruled that not only were the seventh through twelfth and the seventeenth of the Plaintiff's claims from CV

0935-06 claim precluded, but also that judgment on the pleadings was appropriate to them, as the Plaintiff had failed to plead sufficient facts.

Litigation continued with regard to other issues in the joined cases. The result was the issuance of Findings of Fact and Conclusions of Law on April 25, 2013. The same day, a Judgment was issued for both cases, incorporating determinations from both the Decision and Order and the Findings of Fact and Conclusions of Law.

On April 15, 2014, the Ninth Circuit issued an opinion in the appeal of the District Court case. It determined that the District Court had exceeded its federal diversity jurisdiction, and vacated the District Court's judgment accordingly. The Ninth Circuit ordered that the District Court remand Civil Action No. 09-00020, which originated as CV 0446-09, to the Superior Court of Guam.

In response, with regard to CV 0709-06 and CV 0935-06, the Defendants filed an amended motion for relief from part of judgment on May 20, 2014. The basis for the motion was Guam Rule of Civil Procedure 60(b)(5). The Defendants argued that part of the Court's Judgment of April 25, 2013 was based on the District Court's ruling, which had been vacated by the Ninth Circuit. The Defendants also moved for summary judgment and certification and entry of final judgment.

The Court heard the motions on August 1, 2014, and issued its Decision and Order on August 29. The Court found that the vacatur of the District Court's judgment voided the Court's earlier Judgment in part, because the Court's Judgment was in part based on the conclusion that certain matters were precluded because the District Court had previously adjudicated them. Accordingly, the Court granted the motion for relief from part of judgment. Turning to the motion for summary judgment, the Court found that the Defendants had satisfied their initial

burden to show that no material dispute of fact existed to be tried, and the Plaintiff had not rebutted the Defendant's showing. Accordingly, the Court granted summary judgment to the Defendant in CV 0709-06 and CV 0935-06.

In CV 0446-09, the case at bar on remand from the District Court of Guam, the Defendants moved for summary judgment on May 15, 2014 and amended that motion on May 20. At the motion hearing on September 5, the Court declined Defendants' counsel's offer of argument on the preclusive effect of the Court's August 29 Decision and Order and accompanying Judgment, because the Plaintiff had no opportunity to respond.

## DISCUSSION

Summary judgment on an issue should be granted when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Iizuka Corp. v. Kawasho Int'l (Guam), Inc., 1997 Guam 10 ¶ 7. The initial burden is on the moving party and the court must review the facts in the light most favorable to the non-moving party. Id. at ¶ 8. However, if the movant can demonstrate that there exists no genuine issue of material fact, the non-movant cannot merely rely upon the assertions contained in the complaint, but must produce significant probative evidence showing that there is a genuinely disputed issue of material fact that must be determined at trial. Id.

A genuine issue exists when there is sufficient evidence to establish a factual dispute requiring resolution by a fact-finder. Id. (citing T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987)). The factual dispute must concern a "material fact." Id. Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Under Rule 56 of the Guam Rules of Civil Procedure, the moving party carries the burden of showing the court the relevant information which it believes demonstrate the absence of an issue of material fact. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. Kim v. Hong, 1997 Guam 11 ¶ 6 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. However, there can be no "genuine issue of material fact" if there is a complete failure of proof concerning an essential element of a party's case, since such failure renders all other facts immaterial. Id. at 323. Moreover, "[f]actual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Guam Rule of Evidence 201 permits a court to take judicial notice of adjudicative facts. Guam Rule of Evidence 201(a). "A judicially noticed fact must be one not subject to reasonable dispute in that it is...capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Guam Rule of Evidence 201(b). The Advisory Committee's Note to Federal Rule of Evidence 201, which forms the basis of Guam Rule of Evidence 201, distinguishes "adjudicative facts" and "legislative facts" thus: "Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process..." FRE 201, 1972 Advisory Committee's Note. A court may take judicial notice of an adjudicative fact at any time

and at any stage of litigation, of its own volition, whether requested by a party or not. Guam Rule of Evidence 201(c), (f).

A court may take judicial notice of its own records in other cases. People v. Rios, 2011 Guam 6 ¶ 29 ft. 12 (quoting United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). A court may properly take notice of the outcome of a judicial proceeding because the existence of a judicial act is not a fact subject to reasonable dispute. Colonial Leasing Co. of New England v. Logistics Control Group, 762 F.2d 454, 459 (5th Cir. 1985). Here, the Court takes notice of its records of the cases Power Sand, Inc. v. Yokeno, CV 0709-06, and Yokeno v. Sekiguchi, CV 0935-06.

Cases CV 0709-06 and CV 0935-06 returned to the Court on motions for relief from part of judgment and for summary judgment filed by the Defendants and their associates. See Power Sand, Inc. v. Yokeno, CV 0709-06, Decision and Order 1-2 (Super. Ct. Guam, Aug. 29, 2014); see Yokeno v. Sekiguchi, CV 0935-06, Decision and Order 1-2 (Super. Ct. Guam, Aug. 29, 2014). The Court had previously resolved CV 0709-06 and CV 0935-06, in part, on the preclusive effect of the District Court of Guam's ruling in Civil Action No. 09-00020, which was the removed case that originated as Yokeno v. Sekiguchi and Lai, CV 0446-09, the case at bar. Id. at 2-4; see Power Sand, Inc. v. Yokeno, CV 0709-06, Decision and Order 7-35 (Super. Ct. Guam, Aug. 14, 2012); see Yokeno v. Sekiguchi, CV 0935-06, Decision and Order 7-35 (Super. Ct. Guam, Aug. 14, 2012); see Power Sand, Inc. v. Yokeno, CV 0709-06, Judgment (Super. Ct. Guam, Apr. 25, 2013); see Yokeno v. Sekiguchi, CV 0935-06, Judgment (Super. Ct. Guam, Apr. 25, 2013). But as a result of the Ninth Circuit's ruling in Yokeno v. Sekiguchi, 754 F.3d 649, 657 (9th Cir. 2014) vacating the District Court's decision, the claims and issues of CV 0709-06 and CV 0935-06 were no longer precluded, and accordingly the Court granted the

Defendants' Rule 60(b)(5) motion for relief from part of judgment. See Power Sand, Inc. v. Yokeno, CV 0709-06, Decision and Order 10 (Super. Ct. Guam, Aug. 29, 2014); see Yokeno v. Sekiguchi, CV 0935-06, Decision and Order 10 (Super. Ct. Guam, Aug. 29, 2014).

Because the previous judgment had been relieved in part, the Court then adjudicated the Defendants' motion for summary judgment. Id. at 10-17. The Court found first described the causes of action requiring adjudication, and noted that all of them were based on the Plaintiff's alleged interest or expectation of interest in, and Defendant Lai's allegedly wrongful actions depriving and dispossessing the Plaintiff of, three contested properties: the capital stock of Fai Fai Beach Associates, the capital stock of Power Sand, Inc., and the Fai Fai Beach property. Id. at 13. Examining the evidence proffered by the Defendants in support of their summary judgment motion, the Court found that they had overcome their initial burden to show the absence of a disputed material fact requiring trial. Id. at 17. The Plaintiff had not opposed the motion, produced any significant probative evidence, or appeared at the hearing to argue against the motion, and so the Court found that the Plaintiff had failed to rebut the Defendants' showing and granted the Defendants' motion for summary judgment. Id.

The Court previously compared the Plaintiff's nine causes of action in Civil Action No. 09-00020 with the causes of action in CV 0935-06. See Power Sand, Inc. v. Yokeno, CV 0709-06, Decision and Order 13-24 (Super. Ct. Guam, Apr. 14, 2012); see Yokeno v. Sekiguchi, CV 0935-06, Decision and Order 13-24 (Super. Ct. Guam, Apr. 14, 2012). Respectively, the first, second, third, fourth, fifth, sixth, seventh, and eighth causes of action in Civil Action No. 09-00020 and CV 0446-09 corresponded to the eighth and ninth, eleventh, twelfth, seventh and tenth, eleventh and twelfth again, seventeenth, seventh through twelfth, and again the seventh through twelfth causes of action in CV 0935-06. Id. at 15-23. However, the ninth cause of

action in Civil No. 09-00020 and CV 0446-09, for intentional infliction of emotional distress, did not neatly correspond with the eighteenth cause of action in CV 0935-06, also for intentional infliction of emotional distress. Id. at 24. This was because part of the eighteenth cause of action in CV 0935-06 did not relate to any dispossession or deprivation of property interests in Power Sand, Inc., Fai Fai Beach Associates, or the Fai Fai Beach property, and instead related to the Plaintiff's removal as Director and President of Power Sand, Inc. See id. at 25; see Power Sand, Inc. v. Yokeno, CV 0709-06, Decision and Order 13 (Super. Ct. Guam, Aug. 29, 2014); see Yokeno v. Sekiguchi, CV 0935-06, Decision and Order 13 (Super. Ct. Guam, Aug. 29, 2014). The Court resolved this other aspect of the intentional infliction of emotional distress claim in CV 0935-06 on the basis that the Plaintiff was properly discharged as Director and President of Power Sand, Inc. Power Sand, Inc. v. Yokeno, CV 0709-06, Decision and Order 47 (Super. Ct. Guam, Apr. 14, 2012); Yokeno v. Sekiguchi, CV 0935-06, Decision and Order 47 (Super. Ct. Guam, Apr. 14, 2012).

The first through ninth causes of action in CV 0446-09 all essentially depend on the Plaintiff's argument that Emil Lai wrongfully dispossessed or deprived him of property interests in Power Sand, Inc., Fai Fai Beach Associates, or the Fai Fai Beach property. Pl.'s Compl. 10-21, Mar. 11, 2009. The wrongful act by which the Plaintiff alleges that Defendant Lai deprived him of such property was the purchase and execution of a judgment that resulted from Citizens Security Bank's lawsuit against the Plaintiff. See id. at 10-21; see Power Sand, Inc. v. Yokeno, CV 0709-06, Decision and Order 6, 17 (Super. Ct. Guam, Aug. 29, 2014); see Yokeno v. Sekiguchi, CV 0935-06, Decision and Order 6, 17 (Super. Ct. Guam, Aug. 29, 2014).

In adjudicating the Defendants' summary judgment motion in CV 0706-06 and CV 0935-09, the Court likewise evaluated the evidence on whether Emil Lai had wrongfully acted

to dispossess the Plaintiff of any property interests. The Court determined that the Defendants had put forward significant probative evidence to show that there was no dispute of material fact with regard to the following: that the Plaintiff did not own any shares of Power Sand, Inc. in 2004; that Emil Lai was always the legal and beneficial owner of the shares of Fai Fai Beach Associates that were issued in his name; that Fai Fai Beach Associates owned the Fai Fai Beach property; and that the Plaintiff was deprived of any interests he owned or may have owned in Power Sand, Inc., Fai Fai Beach Associates, and the Fai Fai Beach property in accordance with the due process of the Superior Court of Guam, and not by any wrongful action by Emil Lai. Power Sand, Inc. v. Yokeno, CV 0709-06, Decision and Order 16-17 (Super. Ct. Guam, Aug. 29, 2014); Yokeno v. Sekiguchi, CV 0935-06, Decision and Order 16-17 (Super. Ct. Guam, Aug. 29, 2014). The Plaintiff failed to rebut the Defendants' showing that there was no material dispute regarding the factual bases of the Plaintiff's claims, and accordingly the Court granted the Defendants' motion for summary judgment in CV 0709-06 and CV 0935-06. Id. at 17.

As stated above, the Plaintiff's claims in CV 0446-09 are based on the same factual predicates as in CV 0935-06 and CV 0709-06. In the combined cases of CV 0935-06 and CV 0709-06, the Plaintiff failed to oppose the motion for summary judgment, submit evidence, or argue against the motion in court. Id. at 4-5, 14-15, 17. Nor has the Plaintiff opposed the Defendants' motion for summary judgment, submitted evidence, or appeared to argue before the Court in CV 0446-09. The Court determines that resolution of the motion for summary judgment presently at bar, in CV 0446-09, requires resolution of the same factual questions as were resolved in the Court's Decision and Order of August 29, 2014 in CV 0935-06 and CV 0709-06.

Therefore, the Court ADOPTS its determination from the Decision and Order of August 29, 2014 in CV 0935-06 and CV 0709-06, that the Defendants have submitted evidence sufficient to show that there is no material dispute of fact requiring trial, and that the Plaintiff has failed to produce any significant probative evidence or made any argument to rebut the Defendants' showing.

CONCLUSION

For the reasons set forth above, the Defendant's Amended Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED** this day of _____ **SEP 3 0 2014** _____ .



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

Carlos Taitano

Rawlen Mantanona

Date: 9/30/14  Time: 3:50pm

Deputy Clerk, Superior Court of Guam

RECEIVED
SEP 30 2014
Eileen C. Quitugua